NOT DESIGNATED FOR PUBLICATION

No. 119,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROYAL GARDENS APARTMENTS,
*Appellee*,

v.

ANDREA NUNEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Opinion filed March 22, 2019. Affirmed.

*Kathleen Coode*, of Kansas Legal Services, of Kansas City, for appellant.

No appearance by appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

LEBEN, J.: Andrea Nunez appeals the judgment her landlord obtained against her for possession of the apartment she had leased and unpaid rent of $3,636. The dispute between Nunez and her landlord, Royal Gardens Apartments, takes place against the backdrop of a written lease and federal regulations for federally subsidized housing. But the trial record doesn't include a copy of the lease, and no party quoted or cited the text of any of the federal regulations, either at trial or on appeal.

We mention this up front because our description of what the lease or the regulations required may not, in fact, be accurate. That's a function of how court proceedings, especially expedited ones, work.

Like other states, Kansas provides an expedited legal process for evictions. There's a need to get disputes about who can be in a rented house or apartment to court quickly so that parties don't resort to self-help measures. Understandably, though, the legal issues may not get fleshed out as completely as they would in a more typical civil lawsuit that doesn't receive such expedited treatment—and proceeds before trial to a pretrial conference to first define and explore what's in dispute. Instead, in most landlord-tenant cases, the issues come into focus during the trial itself. And that's what happened in this dispute between Nunez and Royal Gardens Apartments.

We must go by the evidence presented at trial. We will first summarize that testimony and then move on to the legal issues Nunez has raised on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Three witnesses testified: Donnette Bell, the property manager for Royal Gardens Apartments; Nunez; and Nunez' mother, Valerie.

Bell testified that Nunez had rented an apartment that qualified for Section 8 federal subsidies from the United States Department of Housing and Urban Development. Under that program, HUD subsidized Nunez' rental payments based on her income; Nunez would pay 30% of her adjusted annual income toward rent, and HUD would subsidize the rest of the rent owed.

As part of the program, though, Bell explained that the parties had to verify Nunez' income annually in a process called annual recertification. And Bell said that interim changes could be made in an interim adjustment or recertification.

2

Nunez moved into the apartment in December 2016. Based on her income, the amount of rent she had to pay was set at $214 per month, and Nunez paid that amount from January through July 2017. She then reported a decrease in income, and her rental payment was reduced to $121 per month effective August 1. In August, Nunez told Bell that her employer had closed its business and she was getting unemployment benefits; Nunez' rent payment was reduced at that point to $0 until she regained employment.

Nunez got a new job in September and provided one pay stub to Bell. But Bell said she needed several pay stubs to calculate an average income and determine the new rental payment. Nunez and Bell never got that accomplished, though each seemed to blame the other for not moving the process forward. Nunez' rent remained at $0, and HUD paid the landlord for the full rent.

Bell said that Nunez' annual recertification was due December 1, 2017. She said that HUD has a three-month grace period for the annual certification paperwork but that assistance payments end if a new recertification isn't submitted within 15 months of the previous year's anniversary date.

Nunez and Bell never got the annual recertification paperwork done, either. Once again, each seemed to blame the other for that failure. Bell said that Nunez didn't cooperate and return information. Nunez said that Bell never gave her any notices about the recertification process.

Royal Gardens Apartments sued Nunez on March 16, 2018. Its petition asked for possession of the apartment and $2,392 in unpaid rent. Kansas law provides for eviction petitions to be set for answer within 14 days, K.S.A. 61-3805, and Nunez came to court on March 28.

After that hearing, Nunez and Bell made an appointment to complete the recertification paperwork the next day. Bell's calculations showed that Nunez' portion of the rent following recertification would be $606 per month. But Nunez and Bell got into a dispute about whether Bell had provided notices of the process to Nunez, and the meeting ended without completing the paperwork.

At trial, Nunez testified she had never received any notices from Bell about recertification. She said that she first learned of the need to recertify when Bell came to her apartment in December 2017, that Bell provided a recertification packet on January 24, and that Nunez completed that information and signed it on February 5. Nunez said she then called Bell several times to try to return the packet to Bell but couldn't reach her. Nunez' mother, Valerie, testified that her daughter had talked with her about issues concerning the apartment lease and that her daughter had never mentioned receiving various notices Bell said she had sent.

As for the recertification paperwork that Nunez said she had called Bell about, Bell confirmed that she had talked to Nunez by phone when Bell was sick or out of the office. But Bell said she told Nunez to come to the office the following morning and that Nunez didn't show up.

Bell said that because Nunez didn't complete recertification, HUD terminated assistance payments as of December 1, 2017, so Nunez was responsible for the full rent—$622—each month from December 2017 through May 2018. Six months of rent at $622 per month would total $3,732, but Bell testified that the total rent due was $3,636, apparently relying instead on the $606-per-month figure that she had calculated based on Nunez' last income figures.

After the evidence was presented, attorneys for the parties presented brief argument to the court. The attorney for Royal Gardens Apartments argued that because

4

Nunez didn't complete the recertification process, she owed rent for the period from December through May. He asked for possession of the premises and a judgment for $3,636. Nunez' attorney argued that while there was "conflicting testimony over whether notices were ever properly issued in this case," none of the notices were offered in evidence. She said that it should be Royal Gardens Apartments' burden to get proper notices for the recertification process, and she asked for judgment in favor of Nunez.

The district court ruled for Royal Gardens Apartments, granting it possession of the apartment and a judgment for $3,636. The court concluded that "under the terms of the lease of the [federally] assisted housing agreement, the [tenant] had a duty to complete the application [for recertification]." The court found that Nunez had "failed to complete the application, either completely or within a reasonable time as set forth in HUD [regulations], and the Court finds the [tenant's] failure to complete the application recertification process resulted in retro[active] application of rent damages to be assessed to the [landlord]." The court recognized that there was conflicting testimony on what notices were given. But having already concluded that the lease placed the duty on the tenant to complete the recertification application, the court emphasized the "clear testimony that no paperwork was ever filled out and completed."

Nunez then appealed to our court.

ANALYSIS

I. *The District Court Did Not Err When It Denied Nunez' Motion to Dismiss the Lawsuit.*

Nunez' first argument is that the district court should have granted a motion she made at trial to dismiss the claims against her. She complains that the petition filed by Royal Gardens Apartments didn't adequately set out its claim.

5

The petition simply said that Nunez had "defaulted in the payment of . . . rent" and then sought possession of the apartment and damages for the unpaid rent. Nunez complains that while the pleading conveyed "that this was a straightforward nonpayment of rent case," the real claim was that Nunez had breached a duty to complete the required paperwork for certification of her income. She argues that the petition didn't give the court jurisdiction over the true claim Royal Gardens Apartments was making or provide adequate notice of that claim to her. In sum, her motion to dismiss was based on the idea that the petition stated a claim for nonpayment of rent while, according to Nunez, Bell's testimony showed that "recertification and paperwork issues . . . are what are really at issue here."

The attorney for Royal Gardens Apartments responded that the failure to recertify led to nonpayment of rent, so the petition was accurate. The court denied the motion to dismiss, saying that the petition gave sufficient notice "that there was some type of breach and there was nonpayment" of rent.

With that background of Nunez' first argument, we must discuss a bit more the limited and expedited proceedings involved here. Kansas provides for expedited proceedings for some civil actions, and a special set of statutes govern actions to evict someone from a leased residence. See K.S.A. 61-3801 et seq. K.S.A. 61-3804 says that the petition "shall describe the premises for which possession is sought and why the plaintiff is seeking possession." In addition, "[i]f there is rent due," then "the petition may include a request for judgment for that amount" or the plaintiff may bring a separate lawsuit later to recover unpaid rent and other damages. K.S.A. 61-3804.

These statutes also set up a quick resolution of who has the right of possession. The summons served on the defendant sets a date requiring the defendant to appear in court "not less than three nor more than 14 days after the date the summons is issued."

6

K.S.A. 61-3805. And if a trial is needed, "the trial shall be conducted within 14 days after the appearance date stated in the summons." K.S.A. 2018 Supp. 61-3807(a).

In Nunez' case, she appeared on the answer date, March 28, so the court initially set a trial date for April 4. The court gave Nunez a continuance to May 7 so she could get an attorney to represent her. Both parties presented evidence at the trial on May 7; neither side asked for a continuance.

We find no error in the district court's denial of Nunez' motion to dismiss the petition for lack of adequate allegations. Even in full-scale civil litigation, Kansas uses notice pleading. Under the notice-pleading rules in place for most civil litigation, all that's required is a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," such as a demand for money damages. See K.S.A. 2018 Supp. 60-208(a). Here, though, the pleading rule is even simpler—the landlord need only "describe the premises" and say "why the plaintiff is seeking possession." K.S.A. 61-3804. Asking for damages for unpaid rent is optional, but was done here.

Nunez is right that Royal Gardens Apartments' case did depend in part on its factual claim that Nunez hadn't cooperated in getting the recertification of her income and rent subsidy handled. But according to Bell's testimony, that resulted under the lease in the retroactive assessment of rent from December 2017 forward. So the petition accurately said that Royal Gardens Apartments sought possession of the premises because Nunez had failed to pay rent.

Nunez raises one related issue of notice. Apart from the pleading of a lawsuit, different types of notice to tenants may be required under Kansas law depending on the reason a landlord seeks to end a lease. K.S.A. 2018 Supp. 61-3803 requires a three-day notice before filing an eviction lawsuit. At trial, Nunez also tried to get the case

7

dismissed for lack of that notice, but Royal Gardens Apartments produced a three-day notice it said had been provided. Nunez notes on appeal that a longer notice period can apply when a tenant breaches some lease obligation other than payment of rent. See K.S.A. 58-2564(a). She suggests that had she known the true nature of Royal Gardens Apartments' claim (a suit based on the alleged breach of duty to cooperate in income recertification) when the trial began, her attorney "would have asked for an evidentiary showing" of that greater notice under K.S.A. 58-2564(a). That was not an argument she made at trial, though, and she provides no authority that the failure to give notice under K.S.A. 58-2564(a) would be a jurisdictional defect that may be raised for the first time on appeal.

II. *The District Court's Finding That the Lease Placed a Duty on Nunez to Fill Out Paperwork Related to HUD Rent Subsidies Was Supported by Substantial Evidence*.

Nunez next claims that the district court was wrong to conclude that Nunez had the duty under the lease to complete the recertification paperwork. Nunez argues that Royal Gardens Apartments "did not include a single evidentiary exhibit to support the testimony offered by the property manager."

She's right on that point—Royal Gardens Apartments didn't present either the written lease or any documents related to HUD requirements. Instead, it presented Bell's testimony about what the lease required and how the HUD process to provide rent subsidies worked. Based on that, Nunez argues that "[a] finding of the tenant's duty [to fill out the paperwork] without establishing the underlying agreement or HUD program rules is conjecture and is an abuse of the trial court's discretion."

Had Nunez raised this issue as an evidentiary objection at trial, she could have forced Royal Gardens Apartments to produce the lease and any other documents needed to prove its case. Evidentiary rules include what lawyers generally call the best-evidence

8

rule, and when the terms of a written document are important to a dispute, the content of the written document usually must be proved by producing the document itself. See K.S.A. 60-467(a); *Charbonneau v. Rural Water Dist. No. 1*, No. 109,849, 2014 WL 1707898, at \*4 (Kan. App. 2014) (unpublished opinion).

But no objections were made during trial to Bell's testimony about what the lease and HUD rules provided. And when evidence is admitted without objection, we don't say on appeal that something else should have been required. See *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 325, 255 P.3d 1186 (2011); *City of Neodesha v. BP Corporation*, 50 Kan. App. 2d 731, 761, 334 P.3d 830 (2014). Courts must decide cases based on the evidence presented, not what could have been presented.

And on appeal, after a district court has ruled in a trial to the court, we look to see whether its ruling is supported by substantial evidence—evidence that a reasonable person might accept as sufficient to support a conclusion. See *Wells Fargo Vendor Financial Svcs. v. Nationwide Learning*, 56 Kan. App. 2d 259, 264, 429 P.3d 221 (2018). Here, neither party provided the written documents, Nunez didn't object to Bell's testimony, and the district court accepted that testimony about what the lease required Nunez to do. The district court's conclusion is supported by substantial evidence—Bell's testimony. We do not second-guess the district court's factual findings when they are supported by substantial testimony in the record.

III. *The District Court's Finding That Nunez Owed Unpaid Rent of $3,636 Was Supported by Substantial Evidence.*

Nunez' final point is another objection to the proof provided at trial by Royal Gardens Apartments. She argues that "[n]o accounting was presented or offered into

9

evidence" and that the "damages were assessed without any understandable method of accounting."

As we noted earlier in the opinion, the mathematical computation of Royal Gardens Apartments' claim for unpaid rent had some uncertainty to it. Bell testified that Nunez was responsible for the full rent of $622 per month because she hadn't completed the recertification paperwork and HUD had terminated rent-subsidy payments as of December 1, 2017. But even though six months of rent at $622 per month would total $3,732, Bell testified that the rent due was $3,636 (apparently based on the $606 monthly rental she had calculated based on some figures Nunez submitted). The attorney for Royal Gardens Apartments asked the court to grant judgment for $3,636, and it did so.

On appeal, our task once again is to determine whether substantial evidence supports the district court's judgment. And Bell's testimony was that the unpaid rent totaled $3,636, so the court's judgment is supported by substantial evidence. If an error was made, it was in Nunez' favor.

The sloppiness of these calculations of the unpaid rent sought by Royal Gardens Apartments—and the failure of anyone to point out the discrepancy at trial—is perhaps because of the expedited nature of these proceedings. We note that while these statutes provide for an expedited hearing of who is entitled to possession of the premises, determination of unpaid rent doesn't necessarily have to be decided on that same accelerated schedule. See K.S.A. 61-3804 (noting that rent may be sought in a later suit); Kirschbaum, *Prosecuting and Defending Forcible Entry and Detainer Actions*, 65 J.K.B.A. 20, 29 n.80 (Sept. 1996) (noting the possibility of requesting bifurcation of an eviction proceeding so that monetary claims may be determined later). Here, though, the court set all matters for trial on May 7, and no party objected to that. Bell's testimony is enough to support the court's judgment for unpaid rent.

10

We affirm the district court's judgment.